Robert D. Buyan (SBN 138,270)
STOUT, UXA & BUYAN, LLP
4 Venture, Suite 300
Irvine, California  92618
Tel:   949.450.1750
Fax:  949.450.1764

Attorneys for Plaintiff WINPLUS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINPLUS NORTH AMERICA, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCAN TOP ENTERPRISE COMPANY, LTD.;<br><br>CHIH-MING YANG (AKA/"JEMY YANG");<br><br>and<br><br>CHUAN-CHIH CHANG (AKA/"GEORGE CHANG")<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR CORRECTION OF INVENTORSHIP AND DECLARATORY JUDGMENT OF NONINFRINGEMENT** |

Now comes Plaintiff, Winplus North America, Inc. ("WINPLUS") and, for its complaint against the above-named Scan Top Enterprise Company, Ltd. ("SCAN TOP"), Chin-Ming Yang ("YANG") and Chuan-Chih Chang ("CHANG) (collectively referred to as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This Complaint states claims for declaratory judgment of non-infringement and correction of inventorship under 35 U.S.C. § 256 with respect to United States Patent No. 8,413,292 ("the '292 Patent").

## THE PARTIES

2.     Plaintiff WINPLUS is a California corporation having a principal place of business at 820 S Wanamaker Ave, Ontario, California 91761.

3.     WINPLUS is related to Winplus Company, Ltd., a Hong Kong entity.

4.     On information and belief, Defendant SCAN TOP is a Taiwanese limited liability company having a principal place of business at RM. 4E-17, No. 5, Sec. 5, Hsin Yi Road, Taipei 110, Taiwan R.O.C..

5.     On information and belief, Defendant CHANG is an owner and operator of SCAN TOP.

6.     On information and belief, Defendant Yang is a General manager of SCAN TOP and is also an owner of a manufacturing facility in China, known as Danyang UPC Auto Parts Co. Ltd. where certain SCAN TOP products are manufactured.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over the claims under 35 U.S.C. § 256 pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and pursuant to 28U.S.C. § 1338 and §2201.

8.     Personal jurisdiction and venue are proper in this judicial district under at least 28 U.S.C. § 1391 because SCAN TOP, under the direction and management of YANG and CHANG, has a) done substantial business in the state of California and in this judicial district, b) entered into at least one contract relating to the goods at issue in this judicial district and under the laws of California.  Additionally Defendants have targeted and asserted the '292 Patent against WINPLUS in this judicial district causing harm to Winplus in this judicial district.

**FACTS**

9.     SCAN TOP previously manufactured and supplied to WINPLUS certain replacement windshield wiper blades designed for aftermarket replacement of automobile windshield wiper blades.  Each such replacement windshield wiper blade is sold as a kit along with several adapter clips.  The adapter clips are alternately useable for attaching the replacement wiper blade to different makes and models of automobiles.  One of those adapter clips was named the "PT-2" adapter clip.  The PT-2 clip included a cover portion which was permanently connected to a frame portion.

10.     On or about March 1 and 2, 2011, personnel of WINPLUS and Winplus Hong Kong, Ltd. met with SCAN TOP personnel and suggested to SCAN TOP certain ways in which the PT-2 clip design could be modified in view of patent infringement allegations made by a third party.  After that meeting, SCAN TOP prepared initial drawings of several proposed designs for a modified PT adapter clip.

11.     On information and belief, Mr. Allen Chai of Winplus Hong Kong, Ltd. then selected one of the proposed clip designs for further refinement and suggested to SCAN

TOP certain changes be made to that design, which changes SCAN TOP subsequently did incorporated into a modified drawing.

12.    Further on information and belief, during about March and April of 2011 there occurred numerous telephone discussions and Skype meetings between Mr. Chai of Winplus Hong Kong, Ltd. and SCAN TOP personnel, during which Mr. Chai described and requested further specific changes to the modified PT clip design under discussion. Among those changes was elimination of a "tab" structure and making the cap portion fully disconnectable and separable from the frame portion of the adapter clip.

13.    Further on information and belief, in about early May 2011 SCAN TOP sent to Mr. Chai an updated drawing of the modified adapter clip design wherein the "tab" structure had been eliminated and the cap portion fully was disconnectable and separable from the frame portion of the adapter clip as had been previously disclosed to SCAN TOP an requested by Mr. Chai.

14.    In or about June 2011 the modified PT adapter clip was put into production and included in a replacement wiper blade, known as the RQ-1 wiper blade, which SCAN TOP manufactured and shipped to WINPLUS for resale in the United States.

15.    In December 2011, defendants YANG and CHANG filed Chinese Patent Application No. 2011 1 0199051 which, on information and belief, describes and claims the modified PT adapter clip design but fails to name Mr. Chai as a coinventor.

16.    On information and belief, Mr. Chai was the one who conceived of and disclosed to SCAN TOP substantial and important aspects of the structure and function of the modified PT adapter clip and, on that basis, should have been named as a coinventor of the modified PT adapter clip.

17.   In December 2011, YANG and CHANG filed United States Patent Application Serial No. 13/310,789 which purports to claim priority to, and which incorporates, Chinese Patent Application No. 2011 1 0199051.

18.   United States Patent Application Serial No. 13/310,789 named only Defendants YANG and CHANG as inventors.  Mr. Chai was not named as an inventor on United States Patent Application Serial No. 13/310,789.

19.   During prosecution of United States Patent Application Serial No. 13/310,789, the patent applicants and their attorneys failed to file any information disclosure statement disclosing prior art or other information known to them that was material to patentability of at least one claim of the application.

20.   On information and belief, YANG and CHANG were aware of prior art or other information material to patentability of at least one claim of the application, including but not limited to prior sales and public uses of the PT-2 adapter clip of which the PT-3 adapter clip is a modification in view of United States Patent No. 6,530,111 which a third party had alleged to be infringed by the making, using or selling of the PT-2 adapter clip (jointly referred to below as the "Undisclosed Prior Art").

21.   Counsel representing SCAN TOP has asserted that the '292 Patent is owned by SCAN TOP although, on information and belief, no assignment of the '292 Patent has been recorded in the United States Patent Office.

22.   In about March 2012, SCAN TOP refused to continue selling the RQ-1 wiper blade, which then included the modified PT adapter clip, to WINPLUS.  In response, WINPLUS contracted with an alternative manufacturer for ongoing supply of the RQ-1 wiper blade inclusive of the modified PT adapter clip.

23.   On April 9, 2013 United States Patent Application Serial No. 13/310,789 issued as the '292 patent naming only YANG and CHANG as inventors. Mr. Chai is not named as an inventor on the '292 Patent.

24.   Defendants subsequently notified Winplus of the '292 Patent and their contention that claims of the '292 Patent read on the modified PT adapter clip. WINPLUS in turn notified SCAN TOP that it believed the inventorship on the '292 Patent to be incorrect and that at least Mr. Chai of Winplus Hong Kong, Ltd. should have been included as an inventor on the '292 Patent.

25.   One major WINPLUS customer, to whom WINPLUS previously supplied the RQ-1 wiper blade including the modified PT adapter clip, is Sears Holdings Management Corporation, which operates Sears and Kmart stores throughout the United States.   The RQ-1 replacement wiper blade product is sold through Sears and Kmart under the Valvoline$^®$ Aquablade$^{TM}$ trademark.

26.   On or about August 13, 2013 WINPLUS received from Sears Holdings Management Corporation the letter attached hereto as EXHIBIT A which included, as an enclosure, a copy of a letter dated July 2, 2013 to Sears Holdings Management Corporation from counsel purporting to represent SCAN TOP, YANG and CHANG. In the July 2, 2013 letter, counsel purporting to represent Defendants SCAN TOP, YANG and CHANG provided notice of the '292 Patent specifically in relation to the Valvoline$^®$ Aquablade$^{TM}$ product. Also, on information and belief, counsel representing SCAN TOP, YANG and CHANG had subsequent telephonic and e mail communications with personnel of Sears Holdings Management Corporation wherein it was specifically alleged that sales of the Valvoline$^®$ Aquablade$^{TM}$ product infringed the '292 Patent.

27.   On or about August 14, 2013 counsel for WINPLUS sent to counsel for SCAN TOP, YANG and CHANG the letter attached hereto as EXHIBIT B. In that letter, counsel for SCAN TOP, YANG and CHANG was again informed of WINPLUS's

position that inventorship on the '292 Patent was misstated.  Also, in that letter, counsel for SCAN TOP, YANG and CHANG was further informed of WINPLUS's position that during prosecution of the '292 Patent the applicants had failed to comply with the requirements of 37 C.F.R. 1.56 because they had failed to disclose to the United States Patent Office material prior art of which they were clearly aware.

28.   In late 2013 Winplus discontinued manufacture of the modified PT adapter clip and transitioned to a new PT adapter clip which clearly does not even arguably infringe any claims of the '292 Patent.   This new PT adapter clip is shown in the photograph appended hereto as Exhibit C.

29.   On March 6, 2014, Winplus received from counsel representing SCAN TOP, YANG and CHANG a cease and desist letter dated February 25, 2014, a copy of which is attached hereto as EXHIBIT D.   That letter cease and desist letter dated February 25, 2014 is addressed jointly to WINPLUS and Winplus Company, Ltd. and alleges that:

a) SCAN TOP owns the '292 Patent as well as recently issued United States Patent No. 8,650,701 (the '701 Patent); and

b) WINPLUS and Winplus Company, Ltd. are currently "making, using and selling" a windshield wiper adapter clip (depicted in that letter) which infringes both the '292 Patent and the '701 Patent and that the depicted adapter clip is also currently being sold by Kmart stores and Sears Auto Centers throughout the United States.

30.   Winplus has also been informed that another letter dated February 25, 2014 was received by Sears Holdings from Defendant's counsel.   A copy of that letter is appended hereto as Exhibit E.

31.   In reality, the adapter clip alleged to be "currently" sold and depicted in the letters dated February 25, 2014 (Exhibits D and E) is the discontinued "modified PT adapter clip" rather than the current "new PT adapter clip."

32.   On information and belief, counsel representing SCAN TOP, YANG and CHANG sent the February 25, 2014 cease and desist letter alleging ongoing sales of the modified PT connector without adequately investigating the Valvoline® Aquablade™ product currently in the chain of distribution and on retail store shelves.

## COUNT ONE

### (Correction of Inventorship under 35 U.S.C. § 256)

33.   WINPLUS repeats and re-alleges the allegations of paragraphs 1 through 30 above as if fully set forth here.

34.   On information and belief, at least Mr. Chai played a substantial roll in the conception and reduction to practice of, and materially contributed to the conception and reduction to practice of significant features of the inventions recited in the claims of the '292 Patent.

35.   On information and belief, the omission of Mr. Chai as an inventor on the '292 Patent occurred without the knowledge of, and without any deceptive intent on the parts of, Mr. Chai, WINPLUS and Winplus Company, Ltd.

36.   Accordingly, because Mr. Chai is rightfully a co-inventor on all claims of the '292 Patent, WINPLUS requests that this Court issue an order directing the Commissioner of Patents to add Mr. Chai as an inventor on the '292 Patent should any claims of the '292 Patent be adjudged valid and enforceable.

**COUNT TWO**

**(Declaratory Judgment of Non-Infringement)**

37.   WINPLUS repeats and re-alleges the allegations of paragraphs 1 through 34 above as if fully set forth here.

38.   On information and belief, no claims of the '292 Patent read on the new PT adapter clip currently being sold, either literally or by operation of the doctrine of equivalents.

39.   Moreover, because Mr. Chai of Winplus is rightfully a coinventor of the invention claimed in the '292 Patent, Mr. Chai and Winplus have at least an undivided interest and separate right to work all claims of the '292 Patent.  On this basis, prior sales by Winplus of the modified PT adapter clip cannot be held to have infringed the '292 Patent.

40.   Accordingly, WINPLUS requests declaratory judgment that it has not infringed any claim of the '292 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff WINPLUS prays for the following relief, jointly and severally, against Defendants:

A.   a preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, affiliates, assignees, successors in interest and all persons or entities in active concert with either Defendant, including distributors and customers, enjoining them from further acts of unfair competition or interference with WINPLUS's customers and contratctual relationships;

B.   an order declaring that the '292 Patent is not infringed by the manufacture, use, sale, offer for sale or importation of the new PT adapter clip (Exhibit C);

C.   an order directing the United States Commissioner of Patents to correct inventorship on the '292 Patent at least by adding the name of Mr. Chai;

D.      an award of damages under 15 U.S.C. §1117, together with pre-judgment and post-judgment interest;

E.      an order finding this case to be exceptional and awarding to WINPLUS its costs, attorney's fees and enhanced damages pursuant to 35 U.S.C. §285 and/or other applicable statutes; and

F.      any other relief that this Court deems just and proper.


                                    Respectfully submitted,

Dated:  September 28, 2014

                                    /S/  ROBERT D. BUYAN

                                      Robert D. Buyan
                                      Stout, Uxa & Buyan, LLP
                                      Attorneys for Plaintiff Winplus North America, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff WINPLUS demands a trial by jury of all issues raised by this complaint which are triable by jury.

Dated:  September 28, 2014

/S/  ROBERT D. BUYAN

Robert D. Buyan
Stout, Uxa & Buyan, LLP
Attorneys for Plaintiff Winplus North America, Inc.